IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED FOOD & COMMERCIAL WORKERS' UNION, LOCAL NO. 293,<br><br>Plaintiff,<br><br>v.<br><br>NEBRASKA PRIME GROUP, LLC, and NOAH'S ARK PROCESSORS, LLC,<br><br>Defendants. | 8:18CV466<br><br>**ORDER TO SHOW CAUSE** |

This matter is before the Court on plaintiff United Food & Commercial Workers' Union, Local No. 293's ("union") "Motion for an Order to Show Cause Why Defendant Noah's Ark Processors, LLC [("Noah's Ark")] Should Not Be Held in Contempt" (Filing No. 32) for failing to follow the terms of the arbitration award this Court confirmed on January 28, 2019 ("confirmation order") (Filing No. 31). Absent such a showing, the union asks the Court to find Noah's Ark in contempt, "impose a fine of $1,000 per day for each day [Noah's Ark] refuses to abide by the arbitration award," and award the union attorney fees.

Noah's Ark neither admits nor denies that it has failed to follow the arbitration award. Instead, Noah's Ark—noting it has appealed (Filing No. 35) the confirmation order—wields nothing more than the general rule stated in *Hunter v. Underwood* that filing an appeal "confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal." 362 F.3d 468, 475 (8th Cir. 2004) (alteration in original) (quoting *Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996)).

The union parries Noah's Ark's jurisdictional attack and ripostes with the well-established exception that an appeal does not automatically divest the district court of

jurisdiction to enforce its judgment. In support, the union relies on *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006), in which the Eighth Circuit "reject[ed] the contention that the district court lacked jurisdiction to enter the contempt order" and impose sanctions because the defendant had appealed on the merits. The point hits its mark.

The Court agrees with the union that—absent a stay—Noah's Ark's interlocutory appeal does not divest the Court of the jurisdiction necessary to consider the union's request for a contempt order and enforce the confirmation order. *See, e.g., In re Grand Jury Subpoenas Duces Tecum*, 85 F.3d 372, 375-76 (8th Cir. 1996) (concluding "the general rule of jurisdictional divestiture" did not apply where the district court was supervising "a continuing course of conduct between the parties" and where the district court entered an "order in support of its earlier judgment" which had not been stayed). Accordingly,

IT IS ORDERED:
1. The union's motion for an order to show cause (Filing No. 32) is granted.
2. Noah's Ark shall have until March 18, 2019, to show cause why it should not be held in civil contempt and sanctioned for failing to comply with the terms of the arbitration award confirmed by this Court on January 28, 2019.
3. Failure to comply with this order could subject Noah's Ark to sanctions without further notice.

Dated this 8th day of March 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge