# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED FOOD & COMMERCIAL WORKERS' UNION, LOCAL NO. 293, <br><br> Plaintiff, <br><br> v. <br><br> NEBRASKA PRIME GROUP, LLC, and NOAH'S ARK PROCESSORS, LLC, <br><br> Defendants. | 8:18CV466 <br><br> **ORDER** |

On March 8, 2019, this Court ordered defendant Noah's Ark Processors, LLC ("Noah's Ark") to show cause why it should not be held in civil contempt and sanctioned for failing to comply with the terms of the Arbitration Award (Filing No. 23-4) confirmed (Filing No. 31) by this Court on January 28, 2019 ("confirmation order"). In response (Filing no. 42), Noah's Ark states it relied on advice from legal counsel that filing an appeal (almost a month after this Court entered the confirmation order) would divest this Court of control over the aspects of this case involved in its appeal. Noah's Ark avers that since the Court ruled otherwise, Noah's Ark has notified Michael Marty, President of plaintiff United Food & Commercial Workers' Union, Local No. 293 (the "union"), that

> Noah's Ark Processors agrees to comply with the arbitration award confirmed by the Court regarding Union access to the plant. Your request to arrange a visit to the plant to meet with employees in accordance with the arbitration award should be submitted in writing to the Plant General Manager Mike Helzer.

Noah's Ark asks the Court to find that Noah's Ark's explanation, notice to the union, and professed compliance are enough to avoid a contempt finding and any sanctions.

The union takes a different view (Filing No. 44). The union argues Noah's Ark has ignored the collective bargaining agreement ("CBA") and the Arbitration Award to the

union's detriment. The union maintains Noah's Ark's demand for a written request to arrange a plant visit is not required by the CBA or the Arbitration Award. According to the union, it sent two representatives to the plant on March 18, 2019, but they were turned away and told to return on April 1, 2019, at 10:00 a.m.[1] For what it sees as Noah's Ark's ongoing noncompliance, the union seeks (1) a sanction "of $1,000 per day for each day [Noah's Ark] refuses to comply with the [confirmation order], *i.e.*, from January 30, 2019," and (2) an award of attorney fees "incurred to secure [Noah's Ark's] compliance."

The Court sees improper gamesmanship on both sides of this dispute. It appears neither party is acting professionally. Though somewhat short on specifics, the CBA requires "notice" before any plant visit but does not require that notice to be in writing.

Before this dispute, the parties operated under the CBA for almost five years. The Court expects both parties to abide by the CBA, the Arbitration Award, and the confirmation order without further handholding from the Court. The parties should arrange and conduct any prospective orientation sessions authorized by Article 21 of the CBA and ordered by the Arbitration Award in the same way and under the same procedures and timeline that they followed before this dispute about the orientation sessions arose on June 30, 2017.

The parties shall also work together to *promptly*[2] schedule and complete any "make-up" sessions to which the union is entitled under the Arbitration Award. In accordance with the award, Noah's Ark may, at its discretion, monitor the union's orientation sessions, which generally should not exceed one-half hour or materially interfere with production.

---

[1] The union does not say whether it gave Noah's Ark any prior notice of the visit.

[2] Noah's Ark's proposal of delaying the union's planned plant visit almost two weeks does not suffice, particularly given Noah's Ark's considerable delays in compliance already.

Though Noah's Ark's initial response to the Court's confirmation of the Arbitration Award is not beyond reproach, the Court does not find Noah's Ark in contempt and will not award any sanctions *at this time*.

IT IS SO ORDERED.

Dated this 20th day of March 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge