# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED FOOD & COMMERCIAL WORKERS' UNION, LOCAL NO. 293, <br><br> Plaintiff, <br><br> v. <br><br> NOAH'S ARK PROCESSORS, LLC, <br><br> Defendant. | 8:18CV466 <br><br> **ORDER** |

This matter is before the Court following its review of separate submissions by defendant Noah's Ark Processors, LLC ("Noah's Ark") (Filing No. 65) and plaintiff United Food & Commercial Workers' Union, Local No. 293 ("union") (Filing No. 66). Those submissions were in response to this Court's Order of December 12, 2019, ("Scheduling Order") (Filing No. 64) which required — among other things — the following:

1. The parties and their respective counsel shall meet and confer to develop a specific schedule to resume union orientation sessions for new hires and to conduct make-up sessions for existing employees as required by the arbitration award and this Court's prior orders.

2. The parties shall submit a joint schedule to the Court no later than 6:00 p.m. on December 18, 2019, which schedule shall include the time and location of at least one orientation session every other week for the next ten months.

3. Every employee scheduled to attend an orientation session must present themselves for the session but may voluntarily opt-out of attending the session and confirm that decision in writing on a form jointly developed by the parties and maintained by the union.

In this matter, which has been pending since October 3, 2018, the union sought confirmation of a favorable arbitration award dated June 25, 2018. The arbitrator found that Noah's Ark unilaterally and wrongfully discontinued the union orientation sessions that are set forth in the collective bargaining agreement and had been a matter of long-past

practice. The Court confirmed that arbitration award on January 28, 2019. Since that time the parties (primarily Noah's Ark) have done little or nothing to comply with the simple and straight-forward arbitration award. The parties have engaged in petty squabbling over small details, and Noah's Ark has virtually ignored the provisions of the arbitration award and related provisions of the collective bargaining agreement.[1]

In response to repeated requests for sanctions from the union, this Court has been patient with the parties but has indicated its unwillingness to become involved in day-to-day union-management squabbles. Sanctions have been threatened but (to this point) have not been ordered in this matter.

The Court required all parties to be present for a hearing held on December 12, 2019, in the wake of yet another motion for an order to show cause by the union. The parties timely responded to this Court's Scheduling Order and have apparently agreed to the dates, times and location of the bi-weekly orientation sessions. Incredibly, the parties have not been able to agree upon the number of employees who will be scheduled to attend each of these thirty-minute orientation sessions. Apparently, the union urged, due to the backlog, that twenty-five employees be scheduled per session. Noah's Ark disagreed, insisting only ten employees be present per session.[2]

Because of the parties' abject failure to reach an agreement on this simple issue, the Court orders that twenty-five employees be scheduled per session.

---

[1] This Court is aware of another action in this Court brought by the National Labor Relations Board against Noah's Ark which has led to an order from Chief Judge John M. Gerard relating to sanctions due to Noah's Ark's handling of the collective bargaining process. *See Sawyer v. Noah's Ark Processors, LLC*, 4:19CV3016.

[2] Given the representations of even Noah's Ark, there are approximately four hundred employees, the vast majority of whom have not gone through union orientation. The Court's expectation was that all the orientations be completely up to date within ten months of the date of the Scheduling Order. Scheduling ten persons per session would not come near to meeting the requirements of the Scheduling Order. That does not even take into consideration additional workers hired between now and the ten-month cutoff established by the Scheduling Order, given the high turnover described by Noah's Ark's representative at the hearing.

In addition, although the union has presented a proposed opt-out form in conformance with paragraph 5 of the Scheduling Order, that form was apparently not agreed to by Noah's Ark, nor was any other form proposed by Noah's Ark. The form presented by the union will be utilized by the parties in accordance with paragraph 5 of the Scheduling Order.

The Court notes that any further gamesmanship or flouting of the arbitrator's decision or this Court's orders by Noah's Ark will be met with substantial sanctions, including but not limited to attorney fees, costs and the possibility of daily fines.

Conversely, the union is expected to act professionally in its dealing with Noah's Ark relating to these meetings. A failure to do so on its part will also be met with possible sanctions.

As made clear at the December 12, 2019, hearing, the Court should not have to be involved in daily operations at this plant. However, over a year of the parties' bickering and foot-dragging in this matter leaves the Court with no other alternative but to order the following:

IT IS ORDERED:
1. The union will conduct bi-weekly orientation sessions on Wednesdays at 2:00 p.m. The first session will be held on Thursday, January 2, 2020, at 2:00 p.m. (due to the New Year holiday). All subsequent union orientation sessions shall be held on Wednesdays, with the first such Wednesday session being scheduled for January 15, 2020. These sessions shall continue on this schedule for a period of ten months from the first session.
2. All union orientation sessions will be held in the same room and location at defendant's Hastings, Nebraska plant where such sessions were held prior to the dispute over such sessions.
3. Noah's Ark shall provide to the union an updated list of employees no later than one week before each scheduled session. At that same time Noah's Ark will provide to the union a list of employees scheduled for that session.
4. Noah's Ark shall schedule no less than twenty-five persons to attend each orientation session, until the backlog is cleared.

5. Each employee who is scheduled for a session must present themselves for the session at the agreed upon location. An employee may voluntarily opt out of attending the sessions but if he or she does so they must complete the union orientation session opt-out form attached to Filing No. 66. The union orientation session opt-out form will be retained and maintained by the union.

6. Noah's Ark will be permitted to monitor the orientation sessions to ensure such sessions are confined to Noah's Ark matters but shall not interrupt the union representatives or interject any information during the union's presentation.

Dated this 20th day of December 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge