IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED FOOD & COMMERCIAL WORKERS' UNION, LOCAL NO. 293, | **8:18CV466** |
| Plaintiff, | |
| v. | **ORDER** |
| NOAH'S ARK PROCESSORS, LLC, | |
| Defendant. | |

On December 20, 2019, this Court ordered (Filing No. 67) defendant Noah's Ark Processors, LLC ("Noah's Ark") to facilitate ten months of bi-weekly orientation sessions by plaintiff United Food & Commercial Workers' Union, Local No. 293 ("union") pursuant to a specific schedule and procedure set by the Court. The first session was scheduled for January 2, 2020.

About three weeks later, Noah's Ark advised the union it was declaring an impasse in ongoing collective-bargaining negotiations with the union. On January 29, 2020, Noah's Ark told the union it was cancelling the orientation session scheduled for that day and would "not be scheduling orientation sessions of its employees" because "Noah's Ark's final offer to the Union d[id] not provide . . . Union representatives the opportunity to discuss the Union's role at its Hastings plant and solicit signatures on applications and dues authorization forms."

Two days after unilaterally calling an end to the court-ordered orientation sessions, Noah's Ark filed a Motion for Relief from the Court's December 20, 2019 Order (Filing No. 68) pursuant to Federal Rule of Civil Procedure 60(b). Noah's Ark's sole justification for requesting relief is its declaration of impasse.

Disputing Noah's Ark's declaration of impasse (Filing No. 71), the union opposes its request for relief.[1] The union not only asks the Court to order Noah's Ark to allow the union "to resume conducting orientation sessions," it also seeks (Filing No. 70) a daily fine, attorney fees incurred litigating this issue, and an order requiring Noah's Ark to show cause why it is not in contempt for failing to comply with the Court's order. As the union sees it, Noah's Ark has not shown the "exceptional circumstances" the Eighth Circuit has said is required for relief under Rule 60(b). *See, e.g.*, *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (explaining Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances"). The union also persuasively argues Noah's Ark "should have moved to vacate or modify the Court's Order before violating the Order by cancelling the January 29, 2020 orientation session."

The main issue before the Court is a narrow one—Noah's Ark's obligations to comply with the Court's order regarding orientation sessions. Though the record on this issue is thin, on balance, the union has the stronger position. A legitimate[2] impasse could conceivably justify the Court granting some limited relief from its order, particularly with respect to orientation sessions for any employees hired after the alleged impasse. An impasse might also warrant modifying or clarifying the scope of the make-up orientation sessions.[3]

---

[1]The union reports it has (1) "filed an unfair labor practice charge against" Noah's Ark under the National Labor Relations Act, *see* 29 U.S.C. § 158(a)(5) and NLRB Case No. 14-CA-255658, and (2) asked the National Labor Relations Board to review Noah's Ark's actions and seek "additional contempt proceedings in *Sawyer v. Noah's Ark Processors, LLC*, 4:19-cv-3016."

[2]If Noah's Ark cancelled the orientation sessions and moved for relief from the Court's order based upon a bad-faith declaration of impasse, it could face sanctions on that basis alone.

[3]According to Article 21 of the parties' last Collective Bargaining Agreement (Filing No. 15-1), which governs plant visitation, the orientation sessions include not only the chance to solicit dues-authorization forms but also generally allow the union to discuss its role at the Hastings plant.

But Noah's Ark's declaration of impasse did not justify its unilateral and wholesale cancellation of the court-ordered orientation sessions without first conferring with the union or requesting relief from the Court. Moreover, Noah's Ark has not, to this point at least, made the required "showing of exceptional circumstances" under Rule 60(b) to justify its requested relief. *Young*, 806 F.2d at 806.

Based on the foregoing,

IT IS ORDERED:

1. Noah's Ark's blanket request for relief (Filing No. 68) from this Court's December 20, 2019, Order is denied. The Court is willing to consider a more-limited request for relief that (1) is narrowly tailored to the pertinent issues resulting from a legitimate impasse in collective bargaining and (2) makes the requisite showing of exceptional circumstances under Rule 60(b).

2. The union's Fourth Motion for Order to Show Cause (Filing No. 70) is granted.

3. Noah's Ark shall have until March 9, 2020, to show cause why it should not be held in civil contempt and sanctioned for failing to comply with the Court's December 20, 2019, Order. The union will then have seven days to file any response.

4. Failure to comply with this order to show cause may result in appropriate sanctions without further notice.

Dated this 2nd day of March 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge