IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED FOOD & COMMERCIAL WORKERS' UNION, LOCAL NO. 293,<br><br>Plaintiff,<br><br>v.<br><br>NOAH'S ARK PROCESSORS, LLC,<br><br>Defendant. | 8:18CV466<br><br>ORDER |

This matter is before the Court on plaintiff United Food & Commercial Workers' Union, Local No. 293's ("union") Motion for Attorney Fees and Costs (Filing No. 83). In accordance with the Court's April 4, 2020, Order (Filing No. 80), the union seeks attorney fees and costs incurred addressing defendant Noah's Ark Processors, LLC's ("Noah's Ark") unilateral cancellation of court-ordered orientation sessions. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. ___, ___ 137 S. Ct. 1178, 1186 (2017) (noting one possible sanction for civil contempt is an award of reasonable attorney fees and costs). The union states it incurred attorney fees in the amount of $4,137.00, which represents 5.8 hours of work by two associate attorneys at the rate of $185 per hour, 13.3 hours of work by a partner at the rate of $205 per hour, and 2.7 hours of work by that partner at the rate of $125 per hour. The union also seeks to recover $104.04 in costs incurred conducting legal research.

Noah's Ark raises two objections (Filing No. 84) to the union's request. Noah's Ark first objects that the union's last two time entries totaling two hours of partner time ($410) "were expended <u>after</u> [the union's] last filing in this case in support of its request for sanctions." Noah's Ark next objects to the union's "billing entries which are vague and not itemized, but rather are in a block billing format."

As the parties recognize, "[t]he starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the

reasonable hourly rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (quoting *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002)). "The party seeking fees bears the burden of establishing entitlement to an award and documenting the appropriate hours and hourly rates." *Orduno v. Pietrzak*, 932 F.3d 710, 719-20 (8th Cir. 2019).

In evaluating a fee request, the Court relies on its experience, expertise, and knowledge of prevailing market rates and the time it takes to perform the tasks at issue. *See, e.g., Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018); *Hanig*, 415 F.3d at 825. The Court has broad discretion in deciding an appropriate fee award. *See, e.g., Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017).

After careful review, the Court finds Noah's Ark's first objection has merit; the second does not. The Court will deduct $410 from the union's fee request because the union's last two time entries appear to fall outside the purview of the sanction the Court imposed. The balance of the union's request and supporting documentation are reasonable under the circumstances. Accordingly,

IT IS ORDERED:
1. Noah's Ark's objection (Filing No. 84) to the inclusion of $410 for time entries after March 16, 2020, is sustained. Any other objections are overruled.
2. The union's Motion for Attorney Fees and Costs (Filing No. 83) is granted in part and denied in part.
3. Noah's Ark must pay the union $3,831.04 in attorney fees and costs on or before June 15, 2020. Failure to comply could result in additional sanctions.

Dated this 15th day of May 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge