IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED FOOD & COMMERCIAL WORKERS' UNION, LOCAL NO. 293,<br><br>Plaintiff,<br><br>v.<br><br>NOAH'S ARK PROCESSORS, LLC,<br><br>Defendant. | 8:18CV466<br><br>ORDER |

After an evidentiary hearing on August 13, 2020, the Court found defendant Noah's Ark Processors, LLC ("Noah's Ark") in contempt for violating the Court's December 20, 2019, Order (Filing No. 67) requiring it to schedule and facilitate orientation sessions. The Court ordered Noah's Ark to pay the reasonable attorney fees and costs plaintiff United Food & Commercial Workers' Union, Local No. 293 ("union") necessarily incurred in bringing Noah's Ark's violations to the Court's attention. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. ___, ___ 137 S. Ct. 1178, 1186 (2017) (noting such an award is an appropriate sanction for civil contempt).

Now before the Court is the union's Statement of Attorney Fees and Costs (Filing No. 96). The union states it incurred attorney fees in the amount of $7,390.50, which represents 35.6 hours of partner work at the rate of $205 per hour and 1.0 hour of paralegal work at a rate of $92.50[1] per hour. *See Merchants Bonding Co. (Mut.) v. Ark. Constr. Sols., LLC*, No. 5:18-CV-5078, 2020 WL 1909493, at *2 n.1 (W.D. Ark. Apr. 17, 2020) ("[T]he work of paralegals is ordinarily compensable under an award of attorneys' fees); *accord*

---

[1] The union's statement says its paralegal rate is $92.50. Its supporting materials indicate the rate is either $92.50 or $90.50. The Court has used the rate from the statement.

*Missouri v. Jenkins*, 491 U.S. 274, 285 (1989)). The union also seeks to recover $214.30 in costs incurred traveling to the evidentiary hearing.

Noah's Ark did not object to the union's request, and the time to object has now passed. The Court nonetheless reviews the union's request for reasonableness.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (quoting *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002)). "The party seeking fees bears the burden of establishing entitlement to an award and documenting the appropriate hours and hourly rates." *Orduno v. Pietrzak*, 932 F.3d 710, 719-20 (8th Cir. 2019).

In evaluating the union's fee request, the Court relies on its experience, expertise, and knowledge of prevailing market rates and the time it takes to perform the tasks at issue. *See*, *e.g.*, *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018); *Hanig*, 415 F.3d at 825. The Court has broad discretion in deciding an appropriate fee award. *See*, *e.g.*, *Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017).

Having carefully reviewed the union's statement and supporting documentation, the Court finds the union's request is reasonable under the circumstances of this case. The Court is satisfied the union necessarily incurred $7,604.80 in attorney fees and costs in bringing Noah's Ark's violations of the Court's December 20, 2019, Order to the Court's attention. Accordingly,

IT IS ORDERED:
1. The union's Statement of Attorney Fees and Costs (Filing No. 96) is approved.
2. Noah's Ark must pay the union $7,604.80 in attorney fees and costs on or before October 5, 2020. Failure to comply with this order could result in additional sanctions.

Dated this 17th day of September 2020.

BY THE COURT:

*[signature]*

Robert F. Rossiter, Jr.
United States District Judge

3